IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VENANCIO GRANILLO and PEDRO FIGUEROA | )<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) |
| FAWN LANDSCAPING & NURSERY, INC. and MARK TRACY | )<br>)<br>)<br>) |
| Defendants. | ) |

Case No. 14-C-5246

Judge Rebecca R. Pallmeyer
Magistrate Judge Maria Valdez

**PLAINTIFFS' MOTION TO VOLUNTARILY DISMISS COUNTS III AND IV, FOR THE ENTRY OF JUDGMENT ON COUNTS I AND II, AND TO SET A SCHEDULE FOR PLAINTIFFS' FEE AND COST PETITION**

Plaintiffs, by and through their undersigned counsel, and after an evidentiary hearing on damages on Counts I and II of the Complaint, respectfully move as follows:

1. For the entry of judgment in their favor and against Defendants, jointly and severally, on Counts I and II of the Complaint, in the amounts proven at hearing by a preponderance of the evidence;

2. To voluntarily dismiss Counts III and IV of the Complaint, in order to facilitate entry of a final judgment order and collection of Plaintiffs' damages; and

3. For a schedule for the filing of Plaintiffs' attorney's fees and cost petition, pursuant to Federal Rule of Civil Procedure 54(d) and Local Rule 54.3.

**A. Procedural history**

On April 8, 2015, the Court granted Plaintiffs' motion for judgment on the pleadings against Defendants, jointly and severally, on Counts I and II of the

Complaint, asserting non-payment of overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 207 (FLSA), and Illinois Minimum Wage Law, 820 ILCS 105/4a (IMWL). ECF No. 36. Having found for Plaintiffs on Counts I and II, the Court scheduled a prove-up hearing on damages. *Id.*

The prove-up hearing was held on April 27, 2015. *See* ECF No. 40. The Court heard the testimony of Plaintiffs Venancio Granillo and Pedro Figueroa[1] as well as Defendant Mark Tracy. The Court also received into evidence Plaintiffs' hearing exhibits 1-10. ECF No. 41. Plaintiffs' hearing exhibit 6 is an Excel file with a spreadsheet for each Plaintiff summarizing the records of his hours worked and wages paid and setting forth his damages on Counts I and II. The damages include unpaid overtime wages, liquidated damages under the FLSA, 29 U.S.C. § 216(b), and state law penalties under the IMWL, 820 ILCS 105/12. *Id.*

Defendants offered no evidence at the hearing to refute the amount of Plaintiffs' damages. The Court rejected affirmative defenses asserting that Plaintiffs were not entitled to overtime wages because their work, allegedly, fell within the "agricultural exemptions" of the FLSA and IMWL. ECF No. 40. The evidence at hearing did not support these defenses. Rather, it showed that Plaintiffs were landscapers—trimming plants and trees on customer properties, clearing land to install lawns, constructing patios and hedges, laying asphalt, and doing other non-farm work. Plaintiffs' work was, thus, covered by the FLSA and IMWL, not exempt, and Plaintiffs were entitled to overtime wages for overtime hours. *See* 29

---

[1] By consent and with leave of Court, Plaintiff Figueroa testified via live video stream from the city of León, state of Guanajuato, México. *See* ECF No. 39.

C.F.R. § 780.105 ("employees not employed in farming or by a farmer or on a farm are not employed in agriculture"); *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945) ("Any exemption from such humanitarian and remedial legislation [i.e. the FLSA] must therefore be narrowly construed. … To extend an exemption to other than those plainly and unmistakably within its terms and spirit is to abuse the interpretative process and to frustrate the announced will of the people.")

At the end of the hearing, Defendants' questioned whether Plaintiffs are entitled to both liquidated damages under the FLSA and penalties under the IMWL. *See* ECF No. 40. Plaintiffs cited three opinions from this Court supporting the recovery of both FLSA liquidated damages and the 2% per month IMWL penalties: *Reynoso v. Motel LLC*, --- F. Supp. 3d ---, Case No. 13-C-5004, 2014 WL 5392034, *17 (Oct. 21, 2014) (Shadur, J.); *Calderon v. J. Younes Constr. LLC*, Case No. 12-C-3793, 2013 WL 3199985, *8 (N.D. Ill. June 23, 2013) (Kennelly, J.); and *Lizak v. Great Masonry, Inc.*, No. 08-C-1930, 2009 WL 3065396, *9 (N.D. Ill. Sept. 22, 2009) (Coar, J.). The Court "delay[ed] entering judgment for one week to permit defense counsel to research [Plaintiffs' contention]" and further ordered that "[a]ny written objection to Plaintiffs' proposed judgment amounts be filed by close of business on May 4, 2015." ECF No. 40.

Despite this opportunity, Defendants filed no written objection to Plaintiffs' proposed judgment amounts.

**B. The Court should enter judgment for Plaintiffs and against Defendants, jointly and severally, on Counts I and II in the amounts Plaintiffs proved at hearing.**

Plaintiffs have proven their damages on Counts I and II of the Complaint by a preponderance of the evidence, in the amounts set forth in Plaintiffs' hearing exhibit 6:

For Plaintiff Venancio Granillo: $40,357.71

For Plaintiff Pedro Figueroa: $44,961.88

Thus, the Court should enter judgment in favor of each Plaintiff and against Defendants, jointly and severally, in these amounts.

**C. Plaintiffs seek voluntary dismissal of Counts III and IV to expedite the entry of a final judgment order and collection of their damages and the award of attorney's fees and litigation costs and expenses.**

Plaintiffs cannot secure judgment on the pleadings against Defendants on Counts III and IV of the Complaint, because unlike Counts I and II, Defendants did not admit the violations. ECF No. 23 ¶¶22, 23, 33, 37. Thus, to secure judgment on Counts III and IV, Plaintiffs would need to further litigate these claims.

Given the substantial damages due to Plaintiffs on Counts I and I, Plaintiffs cannot justify the time that would be expended further litigating Counts III and IV of the Complaint. This case, fundamentally, is for unpaid overtime. The additional claims asserted were secondary to the overtime violations. Plaintiffs have proven their entitlement to tens of thousands of dollars of relief on their overtime claims. A judgment in the amounts shown at hearing and set forth above will accomplish Plaintiffs' objectives in this litigation. Accordingly, Plaintiffs request voluntarily

4

dismissal of Counts III and IV so the Court can enter a final judgment disposing of all claims and Plaintiffs can collect on that judgment.

## D. All claims having been resolved, the Court should direct the entry of a final judgment pursuant to Rule 58

After the entry of judgment on Counts I and II and voluntary dismissal of Counts III and IV, all claims for relief will be resolved. The Court should, thus, approve a final judgment pursuant to Federal Rule of Civil Procedure 58(b)(2).

## E. The Court should apply simplified and expedited Local Rule 54.3 procedures to adjudicate Plaintiffs' fee petition

Plaintiffs are entitled to recover their attorney's fees and costs under the FLSA and IMWL. 29 U.S.C. § 216(b); 820 ILCS 105/12. Federal Rule of Civil Procedure 54 and Local Rule 54.3 (LR 54.3) apply to the adjudication of Plaintiffs' fee petition. Here, Plaintiffs seek simplified and expedited LR 54.3 procedures.

Typically, LR 54.3 procedures can reduce the issues for the Court to decide on a fee petition as well as attorney time spent litigating fees-on-fees. However, Plaintiffs doubt that these objectives would be accomplished here. First, LR 54.3 procedures are too complicated, and will take too long, given the simple nature of the fee petition. Plaintiffs' counsel has only around 50 hours and 85 time entries in the case, over a period of 12 months. The attorney fee lodestar is currently less than $25,000. Applying all LR 54.3 procedures would be out of proportion to the amount at stake and, ultimately, cost Defendants more in attorney's fees.

In addition, Plaintiffs have reason to be skeptical that Defendants would fully engage in the LR 54.3 process. Defendants never answered discovery, violated

Court orders, and never paid the sanction that the Court imposed on March 30, 2015. ECF No. 31. For these reasons, Plaintiffs request that the Court either set a deadline for the filing of Plaintiffs' petition, which Plaintiffs would proceed to file, or alternatively, adopt the following simplified LR 54.3 procedures and timeline:

1. Seven (7) days after the entry of judgment, Plaintiffs will produce counsel's time records, evidence of claimed nontaxable expenses, and a statement of counsel's billing rate.

2. Fourteen (14) days thereafter, Defendants will identify any contested time entries and state their position on Plaintiffs' counsel's billing rate.

3. The parties will meet and confer within 7 days to attempt to resolve any disputes.

4. If there are any remaining disputes, then within 7 days after the meet-and-confer, Defendants will produce their own counsel's time records; and if Defendants also contest Plaintiffs' counsel's rate, the parties will exchange the evidence they intend to submit in support of their position.

5. Plaintiffs will file their fee petition 10 days after receiving the information from Defendants.

This proposed schedule reduces the timeline for the filing of Plaintiffs' fee petition from the 91 days anticipated by LR 54.3 to 45 days.

In addition, in the event Defendants fail to produce required information by the deadlines set by the Court or to meet-and-confer as required, Plaintiffs request leave to immediately file their fee petition without further LR 54.3 procedures.

## Conclusion

For the reasons set forth above, Plaintiffs respectfully request that the Court order as follows:

1. Enter judgment in Plaintiffs favor and against Defendants, jointly and severally, in the amount of $40,357.71 for Plaintiff Venancio Granillo and $44,961.88 for Plaintiff Pedro Figueroa;

2. Voluntarily dismiss Counts III and IV of the Complaint;

3. Enter a final judgment;

4. Grant leave to Plaintiffs to file their fee and cost petition within 14 days or, in the alternative, set the schedule set forth in section E above for the exchange of fee and cost information and the filing of Plaintiffs' petition and order that, should Defendants fail to follow the schedule or to meet and confer as required, Plaintiffs are permitted to file their fee and cost petition without further LR 54.3 procedures.

Dated: May 14, 2015    Respectfully submitted,

/s Marni Willenson
Attorney for Plaintiffs

Willenson Law, LLC
542 S. Dearborn St., Suite 610
Chicago, IL 60605
(312) 546-4910
(312) 261-9977 Fax
marni@willensonlaw.com

## **CERTIFICATE OF SERVICE**

      The undersigned counsel for Plaintiffs hereby certifies that on May 14, 2015, she served a true and correct copy of the foregoing document on all counsel of record through the Court's ECF/CM System.


      /s *Marni Willenson*